**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DOUGLAS SAM,

              Plaintiff,

      v.

BOROUGH OF MOUNT PLEASANT,

           Defendant.

CIVIL ACTION NO. 2:19-cv-963

Hon. Judge Cathy Bissoon

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

AND NOW, comes Defendant, Borough of Mount Pleasant, by and through its attorneys SCOTT G. DUNLOP, ESQUIRE, ALLISON N. GENARD, ESQUIRE, and MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, and respectfully submits the following Brief in Support of Motion to Dismiss Amended Complaint and in support thereof avers the following:

## I.    STATEMENT OF THE CASE

Plaintiff alleges that he was hired and appointed to the position of Chief of Police of the Mount Pleasant Borough Police Department on March 2, 2015. Cmplt., ¶ 18. Plaintiff alleges that at some point in 2016, he was asked to investigate issues related to a possible Councilperson's depositing of duplicate paychecks and subsequently chastised for referring the investigation to the Pennsylvania State Police. Cmplt., ¶¶ 24 – 27. Plaintiff also alleges that during his employment with the Defendant there were four other events he believes to be instances of waste or wrongdoing that he reported to a Borough representative. Cmplt., ¶¶ 29 – 30. Plaintiff fails to provide any dates for these alleged events.

Additionally, Plaintiff alleges that on August 31, 2018, while acting as a Borough police officer, he performed a traffic stop on an individual whom he eventually charged with driving

under the influence. Cmplt., ¶¶ 31 – 35.  Plaintiff alleges that two Mount Pleasant Officials called him asking if he was doing the right thing during his arrest. Cmplt., ¶ 32 – 33. However, the affidavit of probable cause submitted and sworn to by Plaintiff expressly states that the officials did not make any attempt to change the outcome of the investigation. *See* Affidavit of Probable Cause, attached as Exhibit "A".

Plaintiff alleges that on September 17, 2018, Borough Council amended his job description. Cmplt., ¶ 37. Plaintiff alleges while court proceedings were ongoing with the individual arrested for DUI, Mount Pleasant Borough officials were asking him to not attend hearings related to the arrestee's PennDOT licensing. Cmplt., ¶ 42. However, Plaintiff does not allege there was any attempt to prevent him from appearing at the preliminary hearings. Cmplt., ¶¶ 38 – 40.

Plaintiff alleges that on December 5, 2018, he was offered an employment contract for his position of Chief of Police. Cmplt., ¶ 41. He alleges that he and the Defendant Borough engaged in negotiations through January 17, 2019. Cmplt., ¶ 46. On February 4, 2019, Borough Council voted to terminate Plaintiff from the position of Chief of police. Cmplt., ¶ 47. Plaintiff alleges that after his termination, one Councilwoman stated she voted to terminate him as a result of a long string of things. Cmplt., ¶ 48.

Plaintiff filed his Complaint on August 5, 2019. (ECF 1). The Defendant filed a Motion to Dismiss and Brief in Support thereof on October 21, 2019. (ECF 12, 13). Plaintiff filed an Amended Complaint on November 15, 2019. (ECF 17).

Plaintiff raises legal theories identified in five counts related to his termination:  Fourteenth Amendment Due Process violation (Count One); Fourteenth Amendment Deprivation of Liberty Interest in Reputation (Count Two); violation of Pennsylvania's Whistleblower Law (Count Three); violation of the Pennsylvania Wage Payment and Collection Law (Count Four); and

violation of the Pennsylvania Borough Code (Count Five). Plaintiff's Amended Complaint does not cure the defects that existed in his original Complaint. For the reasons set forth below, Plaintiff's Amended Complaint fails to state a cause of action that can survive a motion to dismiss as a matter of law and the Amended Complaint should be dismissed.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the Complaint. *Kost v. Dozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  While all well-pleaded facts, as distinguished from conclusory allegations, should be taken as true, "a Court need not credit a complaint's bald assertions or 'legal conclusions' when deciding a Motion to Dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost*, 1 F.3d at 183.  Furthermore, the Court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allian*, 478 U.S. 265, 286 (1986).

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the Third Circuit addressed how the standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) has been affected by the Supreme Court's decision in *Bell Atlantic v. Twombly*,  515 F.3d at 230-35.  The following rules are gleaned from the lengthy discussion in *Phillips*:  The rule remains that Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests, and that this standard does not require detailed factual allegations." *Phillips*, 515 F.3d at 231 (internal quotations and citations omitted).  Furthermore, "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* (citations omitted).

Two new concepts are taken from *Twombly*:  First, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (alteration in original) (internal citations omitted).  That is, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 & n. 3; *See Phillips*, 515 F.3d at 231.  Second, the Supreme Court disavowed certain language previously used, which required district courts to ensure that the plaintiff could allege "no set of facts" to maintain a claim.  *See Twombly*, 127 S. Ct. at 1968-69 ("[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."); *Phillips*, 515 F.3d at 231.

Based on *Twombly,* the Third Circuit "understand[s] the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232.  "Put another way, in light of *Twombly*, Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.*  Furthermore, the standard announced in *Twombly* requires that a plaintiff alleges facts so as to show his claim as "plausible." *See Phillips*, 515 F.3d at 234 ("The Court explained that a plaintiff must 'nudge [his or her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." (citing *Twombly*, 127 S.Ct. at 1974)).

In evaluating whether a plaintiff has met the pleading burden in order to survive a motion to dismiss, the Court should conduct a two part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d

203, 210-211 (3d Cir. Pa. 2009).  First, the Court must separate the factual allegations and the legal allegations contained in the complaint.  The Court "must accept all of the complaints well-pleaded facts as true, but may disregard any legal conclusions."  *Id.*  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.'"  *Id.* at 211 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  If the well-plead facts only permit the Court to infer the "mere possibility of misconduct, [then] the complaint has alleged—but has not 'show[n]'— that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed.R.Civ.P. 8(a)(2)).  When a complaint has not shown the existence of a plausible claim, Plaintiff is not entitled to relief and the claim must be dismissed.  *Id.* at 668-670.

In addition to the complaint, the Court may consider matters of public record and other matters of which a court may take judicial notice, such as court orders and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6).  *Oshiver v. Tevin, Fishbein, Sedran & Berman*, 38 F. 3d 1380, 1385 n.2 (3d Cir. 1994).  Further, the Court of Appeals in *Spruill v. Gillis*, 372 F. 3d 218, 223 (3d. Cir. 2004), held that a "defendant may submit an indisputably authentic document to the court to be considered on a motion to dismiss."

**III.    ARGUMENT**

> **a.  Plaintiff fails to allege any basis for a property interest in his employment to support a cause of action for a Violation of his Fourteenth Amendment Due Process rights.[1]**

---

[1]    The Defendants are proceeding under the reasonable interpretation that Plaintiff's claim is for Procedural Due Process under the Fourteenth Amendment as he does not have a fundamental right to public employment and therefore no claim for a Substantive Due Process violation. *See McCarthy v. Darman*, 2009 U.S. Dist. LEXIS 53747, *11-12 (E.D.Pa. June 24, 2009) (discussing the due process claims of a former Chief of Police of a Pennsylvania borough) (citing *Hill v. Borough of Kutztown*. 455 F.3d 225, 235 n. 12 (3d Cir. 2006); *Koltonuk v. Borough of Laureldale*, 443 F. Supp. 2d 685, 692 n. 4 (E.D. Pa. 2006)).

To establish a Procedural Due Process Violation claim, the plaintiff must prove that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty and property, and (2) the procedures available to him did not provide due process of law. *McCarthy v. Darman*, 2009 U.S. Dist. LEXIS 53747, *12 (E.D.Pa. June 24, 2009) (citing *Hill v. Borough of Kutztown*. 455 F.3d 225, 233-34 (3d Cir. 2006)).

### i. Plaintiff was not employed pursuant to the Borough Code and therefore had no property interest.

Plaintiff alleges that he was hired as Chief of Police after a round of interviews with Borough Council members. Cmplt., ¶ 17. Plaintiff does not allege that he was hired pursuant to a the civil service process provided for in Pennsylvania's Borough Code. A Borough may lawfully hire a chief of police independent of the Borough Code and its civil service provisions. *See Romutis v. Borough of Ellwood City*, Docket No. 10999 of 2015, C.A., Order and Opinion on Motion for Summary Judgment, p. 11 (C.P. Aug. 27, 2018), attached as Exhibit "B" (citing 8 Pa.C.S.A. § 1184; *Norristown Fraternal Order of Police, Lodge 31 by Santangelo v. Borough of Norristown*, 662 A.2d 1151, 1154 (Pa. Cmwlth. 1995)). In *Romutis*, the former chief of police of the defendant borough filed a complaint alleging that his termination without a due process hearing violated the Borough Code. *Id*. at p. 4. The court determined that, because the chief of police was not appointed pursuant to the civil service provisions with the Borough Code, his termination was not within the purview of the borough's civil service commission. In that the Borough Code conferred no property right with regard to the chief's employment, no due process hearing was required. *Id*., at p. 12.

Similarly, in the matter at hand, Plaintiff was not hired pursuant to the competitive civil service process under the Borough Code. Thus, Plaintiff has no property right in the position of

chief of police, and the Borough was also not required to provide him with a pre or post-deprivation hearing. Accordingly, it is manifest that no Fourteenth Amendment violation occurred, and Count I should be dismissed.

> ii. **Even if Plaintiff had a property interest pursuant to the Borough Code, he failed to exhaust his administrative remedies.**

Due process requires some kind of hearing appropriate under the circumstances prior to the deprivation of a significant property interest. *McCarthy*, 2009 U.S. Dist. LEXIS 53747 at *13 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487 (1985)). There are circumstances where a post-deprivation hearing will suffice. *Id*. The remedies available under the Borough Code are sufficient to satisfy Loudermill requirements. *Gaus v. Pocono Mt. Reg'l Police Comm'n*, 2017 U.S. Dist. LEXIS 182706, *32, 2017 WL 5070227 (M.D. Pa. Nov. 3, 2017).

Under the Pennsylvania Borough Code, a chief of police can be appointed in a manner different than other police officers. 8 Pa.C.S. §1184(d)(1). Once a chief is appointed, he is subject to the subchapter. 8 Pa.C.S. §1184(d)(2). For these provisions to apply, the chief of police must then not be considered an at-will employee. *See Braun v. Borough of Millersburg*, 44 A.3d 1213, 1216 (Pa. Cmwlth. 2012) (the Commonwealth Court did not decide the issue of exhaustion of administrative remedies in this opinion). Under this subchapter, police officers employed by Boroughs are protected by 8 Pa.C.S. §1190(a), which sets forth six grounds for which a police officer may be terminated by a municipality. Additionally, the subchapter provides for an administrative proceeding for an individual terminated under the subchapter. *See* 8 Pa.C.S. §1191. It is not until after the administrative hearing, that an individual may appeal to the court of common pleas. 8 Pa.C.S. §1191(c).

The Commonwealth Court has held that the list of reasons for terminating an employee enumerated in 8 Pa.C.S. § 1109(a) is not exclusive, and termination may be supported by other reasons as well. *Iorio v. Borough of Carnegie*, 487 A.2d 53, 54 (Pa. Cmwlth. 1985). If an individual protected under this chapter is removed for a reason other than the six reasons set forth in §1109(a), the proper procedure is still to appeal to the Civil Service Commission of that Borough. *Iorio*, 487 A.2d at 54. The aggrieved employee must request a hearing pursuant to the Borough Code or with the Civil Service Commission of that Borough if a hearing is not automatically scheduled in order to exhaust his administrative remedies. *Id*. at 55. Further, a statement of charges is not required to trigger the requirement to exhaust administrative remedies. *Id*.

Plaintiff alleges that he had a property interest in his employment with Mount Pleasant and that Pennsylvania law requires a showing of just cause and a hearing. Cmplt., ¶¶ 57 – 59. If Plaintiff has a property interest in his employment with Mount Pleasant Borough through the Borough Code, he then must avail himself of the available administrative remedies prior to filing a complaint with a court. Plaintiff fails to allege that he requested any kind of hearing regarding his termination or exhausted his administrative remedies. Accordingly, Count I must be dismissed.[2]

> **b. Plaintiff fails to allege a violation of his Fourteenth Amendment liberty interest in reputation.**

---

[2]     For the same reasons, Count Five should be dismissed. Additionally, the Borough Code cannot form a basis for a wrongful termination claim. *Erb v. Borough of Catawissa*, 2009 U.S. Dist. LEXIS 90342, *24 (M.D. Pa. Sept. 30, 2009). Additionally, the Borough Code provides for an administrative remedy that may be eventually appealed to a court of common pleas, but does not specifically provide for a separate civil cause of action within the applicable Code section. *See* 8 Pa.C.S.A. 1170, *et seq*.   For the reasons set forth above, Plaintiff has failed to exhaust his administrative remedies available under the Borough Code. Therefore, Count Five of the Complaint should be dismissed.

Defamation alone is insufficient to state a claim for relief under 42 U.S.C. § 1983 and the Fourteenth Amendment. *Good v. City of Sunbury*, 352 Fed. Appx. 688, 690 (3d Cir. 2009) (citing *Paul v. Davis*, 424 U.S. 693, 694, 96 S. Ct. 1155 (1976)). Reputation alone is not a protected interest under the Due Process Clause. *Good*, 352 Fed. Appx. at 690-91 (citing *Dee v. Borough of Dunmore*, 549 F.3d 225, 233-34 (3d Cir. 2008)); *Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997). To establish a deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his or her reputation plus deprivation of some additional right or interest, known as the "stigma-plus" test. *Good*, 352 Fed. Appx. at 691. The court has previously "found a sufficient tangible "plus" when the claimed harm was an injury to a right "created and defined by state statutory law and the [relevant collective bargaining agreement]", a deprivation of the liberty to pursue a calling or occupation an injury to a plaintiff's reputation while in the exercise of her constitutional right to free speech, or a constructive discharge and consequence damage to plaintiff's 'ability to earn a living.'" *Id*. at 691-92 (internal citations omitted). However, the "plus" is too ethereal when the harm claimed was a possible loss of future employment opportunities, the temporary removal from customary duties, the denial of promotion and transfer to a lower supervisory position, and even financial harm. *Id*. " In the public-employment context, the employer must have 'create[d] and disseminate[d] a false and defamatory impression about the employee in connection with his termination in order for a plaintiff to satisfy the test.'" *Paterno v. Pa. State Univ.*, 688 Fed. Appx. 128, 131 (3d Cir. 2017) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)).

In the matter at hand, Plaintiff makes a number of conclusory allegations claiming a violation of his Fourteenth Amendment right to a liberty interest in reputation, but he fails to allege any facts to support this claim. Amd. Cmplt., ¶¶ 63 – 68. The only factual allegation regarding

statements made by any Mount Pleasant officials is one statement by Councilwoman Stevenson that she voted to dismiss Plaintiff "because a long string of things." Amd. Cmplt., ¶ 50. This allegation is insufficient to support a cause of action for a violation of a liberty interest in reputation. Plaintiff does not allege any specific damage to his reputation or any comment or statement that would actually result in harm. For the reasons set forth above, Plaintiff has failed to allege facts sufficient to establish that he possessed a property interest in the position of chief of police. Plaintiff also fails to allege a stigma to his reputation or any concrete facts of damage to his reputation. Accordingly, Count Two of the Amended Complaint should be dismissed.

### c. Plaintiff fails to allege a cause of action under the Pennsylvania Whistleblower Law.

Under the Pennsylvania Whistleblower Law, an employer is prohibited from discharging, threatening or otherwise discriminating or retaliating against an employee in retaliation for the employee's intention to make or past act of making a good faith report, verbally or in writing, to the employer or appropriate authority of an instance of wrongdoing or waste by a public body or another employee or when the employee is requested by an appropriate authority to participate in an investigation, hearing or inquiry held by an appropriate authority or in a court action. 43 Pa. C.S. §1423. Wrongdoing is defined in the statute as more than a mere technical or minimal violation of federal or state laws or regulations. 43 Pa. C.S. §1422. Waste is defined as an employer's conduct or omissions which result in substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from the Commonwealth or political subdivision sources. 43 P.S. §1422.

An employee must establish that he made a verbal or written report of wrongdoing or waste to his superior or another agent of the employer and that he was fired due to the report. *Bailets v.*

*Pa. Tpk. Comm'n*, 633 Pa. 1, \*14 (2015).  The plaintiff must put forth evidence of a connection between the report of wrongdoing and the allegedly retaliatory acts.  *Kimes v. Univ. of Scranton*, 126 F.  Supp. 3d 477, 504 (M.D. Pa. Aug. 25, 2015) (citing *O'Rourke v. Dep't of Corrections*, 566 Pa. 161, 171, 778 A. 2d 1194 (2001) (internal citations omitted)).

In *Hartman*, an employee brought an action for violation of Pennsylvania's Whistleblower Statute claiming she was terminated from Allegheny General Hospital ("AGH") for reporting improper double billing to Medicare. *United States ex rel. Hartman v. Allegheny Gen. Hosp.*, 2005 U.S. Dist. LEXIS 18321, \*1-2 (W.D.Pa. Aug. 26, 2005).  AGH was aware of the double billing issue and asked plaintiff to participate in meetings in the summer of 2001 and again in 2002.  *Id*. at \*4.  AGH was attempting to identify the source of the problem and resolve the issue.  *Id*.  The plaintiff was terminated in April 2002 after it was discovered that she deleted references to a backlog of cardiology charges after returning from vacation.  *Id*. at \*5.

Summary judgment was granted for the defendant AGH for several reasons.  *Id*. at \*18. First, the plaintiff could not establish that she discovered the wrongdoing.  *Id*. at \*12 – 13.  Second, the wrongdoing was likely seen as a technical or minimal violation.  *Id*.  Third, plaintiff failed to establish that she reported or was about to report the billing problem, but merely attended meetings about the problem.  *Id*.

In the matter at hand, Plaintiff alleges that he was terminated after making good faith reports of waste and wrongdoing to Borough officials. Amd. Cmplt., ¶ 71. However, Plaintiff fails to allege that he was terminated <u>because of</u> his alleged good faith reports of waste and wrongdoing. First, Plaintiff fails to allege a report of waste or wrongdoing. Plaintiff alleges that he was directed to investigate deposit of duplicate paychecks in 2016, that he was chastised for deferring the investigation to the State Police. In this, Plaintiff does not allege he discovered or reported any

waste or wrongdoing. He also alleges that he received a phone call from two Council members questioning him if he was doing the right thing by arresting an individual for a drunk driving charge. None of these actions constitute waste or wrongdoing by the Defendant. In his allegations of waste or wrongdoing at paragraph 29 of the Amended Complaint, Plaintiff fails to allege what statute the Borough violated. Arresting individuals for committing crimes is part of Plaintiff's job duties, and it is part of the duties of a municipality's governing body to oversee the manner in which the police power of their local government is being utilized. Mere inquiry into the particulars of an arrest or even criticism of a police investigation are not evidence of wrongdoing.

Plaintiff fails to allege any causal element linking his alleged reports of "waste and wrongdoing" with the Council vote to terminate his employment. Plaintiff does not allege the Borough Council made any threats before, contemporaneously with, or shortly after any of his alleged reports. Plaintiff fails to allege the dates of any of these alleged reports either so as to justify any inference of retaliation on the basis of proximity of time. Plaintiff does not allege that he was disciplined or that the terms or conditions of his employment were negatively impacted between the date of the arrest and his ultimate termination. Therefore, Count Three o f the Amended Complaint should be dismissed.

### d. Plaintiff fails to allege a cause of action for retaliation under Pennsylvania's Whistleblower law.

Further, two elements are required to establish a retaliatory termination in violation of the Whistleblower Act: (1) wrongdoing; and (2) a causal connection between the report of wrongdoing and the dismissal. *Golaschevsky v. Dep't of Environmental Prot.*, 554 Pa. 157, *163 (1998).  A plaintiff must establish that the report of wrongdoing led to the plaintiff's dismissal, such as a specific direction or information received not to file a report or there would be adverse

consequences because the report was filed. *Golaschevsky*, 554 Pa. at 163 (citing *Gray v. Hafer*, 168 Pa. Cmwlth. 613, 651 A. 2d 221 (Pa. Cmwlth. 1994)).  The plaintiff must establish some concrete facts to connect the report to the termination. *Id*.  The Supreme Court stated that conclusory allegations of changes in treatment following a report is insufficient to establish a causal connection between a report and a termination. *Id*.

In a case similar to the matter at hand, a plaintiff filed a complaint asserting his termination was in violation of the Whistleblower Act, believing the employer had terminated him in retaliation for repeated reports of violations on construction sites. *Cavicchia v. Phila. Housing Auth.*, 2003 U.S. Dist. LEXIS 20311, 2003 WL 22595210 (E.D. Pa. Nov. 7, 2003) *aff'd* at 137 Fed. Appx. 495 (3d Cir. 2005).  The plaintiff made a series of reports from February 2000 to October 2002 regarding violations by contractors and subcontractors on various construction projects. *Cavicchia*, 2003 U.S. Dist. LEXIS *4-11.  Plaintiff was terminated on November 27, 2002 due to his failure to appear for work for five or more days after several months of attendance issues.  *Id.* at *12-15.  The plaintiff admitted that he was never reprimanded or disciplined during the period in which he made his reports, but that he merely believed he was "a fly in the ointment."  *Id*. at *46-47.  It was held that these facts failed to establish a causal connection between the report and plaintiff's termination.  *See also, e.g. Evans v. Thomas Jefferson Univ.*, 81 A. 3d 1062 (Pa. Cmwlth. 2014) (finding that plaintiff could not establish a causal connection between report made in March or April of 2010 and termination in November 2010 for rude and discourteous behavior); *Cindrich v. Fisher*, 178 A. 3d 974 (Pa.  Cmwlth.  2017) (holding that plaintiff failed to establish a causal connection between her report and termination two years later); *Mosley v. City of Pittsburgh Pub. Sch. Dist.*, 702 F.Supp. 2d 561, 587-588 (W.D. Pa. 2010) (holding that five months between the report and termination was not sufficiently close in proximity to infer a causal connection);

13

*Golaschevsky*, 554 Pa. 157 (four months was not sufficient to infer a causal connection); *Gray*, 651 A. 2d 221 (four months between the report and termination insufficient to infer a causal connection).

Here, Plaintiff makes an attempt to link his alleged arrest of a citizen for driving under the influence to his termination and create an inference of retaliation. First and foremost, arresting an individual for driving under the influence is not a report of waste or wrongdoing. Second, a request to reconsider whether pursuit of a criminal prosecution is appropriate is not waste or wrongdoing under the Whistleblower Law. Third, Plaintiff does not allege that he was ever threatened or ordered not to do something in relation to the arrest. Fourth, Plaintiff does not allege that he reported any alleged waste or wrongdoing related to this arrest to anyone.

In his Amended Complaint, Plaintiff goes so far as to make the conclusory allegation that he believes someone took additional steps to prevent him from being notified about hearings related to this arrest. Amd. Cmplt., ¶ 46. Plaintiff makes no factual averments to support this allegation, not even an allegation that he in fact did not receive any of the notices.

Most importantly, Plaintiff's allegations are directly contradicted by the affidavit of probable cause for the alleged arrest. *See* Affidavit of Probable Cause, attached as Exhibit "A". First, the affidavit states that Plaintiff did receive calls from two borough officials who had been contacted by the criminal defendant, but it also states expressly that the Officials did not attempt to change the outcome of the case. *See* Affidavit of Probable Cause, p. 2. Second, Plaintiff did not even file the criminal charges until September 24, 2018. *See* Affidavit of Probable Cause. Plaintiff does not allege that any threats regarding his employment were made in relation to his arrest for the DUI. Accordingly, Plaintiff fails to set forth a valid claim for violation of his rights under Pennsylvania's Whistleblower Law and Count Three should be dismissed.

**e.   Plaintiff fails to set forth a claim for a violation of the Pennsylvania Wage Payment and Collection law.**

The Pennsylvania Wage Payment and Collection Law ("PWPCL") requires that terminated employees be paid any wages or compensation earned at the next regular payday. 43 P.S. § 260.5. The law provides protection to employees in the event an employer breaches a contractual obligation to pay wages, but does not create a right of compensation. *Allende v. Winter Fruit Distributors, Inc.*, 709 F. Supp. 597, 599 (E.D. Pa. 1989) (citing *Sendi v. NCR Comten, Inc.*, 619 F. Supp. 1577 (E.D. Pa. 1985)). It only applies to back wages already earned. *Allende*, 709 F. Supp. at 599 (citing *Weingrad v. Fischer & Porter Company*, 47 Pa. D. & C. 2d 244 (C.P. Bucks County 1968)). A claim does not exist under the PWPCL for wages not yet earned or after a termination date. *Id*.

In the matter at hand, Plaintiff does not make a single factual allegation that he was not paid for wages **earned** prior to his termination. Plaintiff cannot maintain a claim under the PWPCL for wages unearned at the time of his terminate merely because he would have been scheduled to work had he not been terminated. Accordingly, Count IV of the Complaint should be dismissed.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY: *s/ Allison N. Genard*
     SCOTT G. DUNLOP, ESQ. / PA ID #41638
     ALLISON N. GENARD, ESQ. / PA ID #311253
     Union Trust Building, Suite 700
     501 Grant Street
     Pittsburgh, PA  15219
     412-803-1140 phone / 412-803-1188 fax
     sgdunlop@mdwcg.com
     angenard@mdwcg.com
     **Counsel for Defendant**
     **BOROUGH OF MOUNT PLEASANT**