IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS SAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-963 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BOROUGH OF MOUNT PLEASANT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion (Doc. 19) to Dismiss will be granted, as follows. Plaintiff is Defendant's former police chief, and he was terminated from that position. As grounds for federal jurisdiction, he alleges: (a) that Defendant was required to provide him with procedural due process, in the form of a hearing; and (b) that Defendant deprived him of due process under the "stigma-plus" theory, *i.e.*, that Defendant published false statements in connection with his termination. Am. Compl. (Doc. 17) at Counts 1 & 2.

As to procedural due process, the Court agrees with Defendant that Plaintiff has not demonstrated a recognized property interest. While it does appear that many borough police officers are protected under the Pennsylvania Borough Code,[1] Section 1184 thereof indicates that a police *chief's* submission to the civil-service process (and resulting protections) is permissive, not mandatory. *Id.* at § 1184(b) ("employment in the police force . . ., except that of chief of police . . ., shall be filled" by referral to the civil service commission) *and* at § 1184(d) ("[i]n the case of a vacancy in the office of chief of police . . ., the [borough] council may nominate a

---

[1] 8 Pa. Cons. Stat. § 1170, *et seq.*

person to the commission") (emphasis added, in both quotations).  If Plaintiff's appointment was not processed through the Borough Code procedures, he was an at-will employee and enjoyed no recognized property interest.  Romutis v. Borough of Ellwood City, No. 10999 of 2005 (Comm. Pl. Lawrence Cty. Aug. 27, 2018) (opinion attached here, under Doc. 22-2; relevant discussions at pgs. 13 through 15 of 18); *accord* Santangelo v. Borough of Norristown, 662 A.2d 1151, 1154 (Pa. Commw. 1995) (holding, under previous, materially-identical codification, that the statute "provides for the appointment of [a c]hief of [p]olice without regard to Civil Service Rules and Regulations").

Here, the operative Complaint does not allege that Plaintiff was appointed through the civil service system.  The facts, as stated, suggest the contrary.  *Compare* Am. Compl. at ¶¶ 16-18 ("several qualified candidates" applied; borough council members screened the applicants; and Plaintiff was selected by the council) with § 1184 (civil-service selection includes "testing process[es], including a physical agility or other examination," after which "the commission shall rank the candidates who have satisfied the minimum requirements for appointment") (emphasis added).[2]

---

[2] For the purposes of Rule 12(b)(6), the Court does not believe that the present discussions require consideration of matters outside the pleadings.  *See* discussions *supra* and *infra* (finding Plaintiff's claim to a recognized property interest implausible, based on the facts alleged).  Even were Plaintiff to argue otherwise, the issue easily could be resolved by conversion to summary judgment.  Stated somewhat differently, Plaintiff's employment application either was, or was not, subjected to the civil service process; and the Court is not constrained to allow discovery, for the case at large, to resolve this eminently-determinable point.

Under the circumstances, Plaintiff proffered-theory for establishing a recognized property interest is implausible under *Iqbal/Twombly*.³  Accordingly, Defendant's Motion to Dismiss will be granted as to Count 1, although the Court will afford Plaintiff an opportunity to amend his pleadings, should his counsel believe that a good-faith, colorable argument for non-futility may be advanced.

The second ground for federal jurisdiction is Plaintiff's attempted invocation of the "stigma-plus" theory.  *See* Am. Compl. at Count 2.  Assuming, without deciding, that the lack of a recognized property interest is not dispositive, Plaintiff nevertheless has failed to state a plausible claim for relief.  In the public-employment context, a plaintiff may state a viable claim "when an employer creates and disseminates a false and defamatory impression about the employee in connection with his termination." Eash v. County of York, 2020 WL 1503666, *3 (M.D. Pa. Mar. 30, 2020) (citation to quoted and other sources omitted).  Plaintiff's only meaningful allegation is that one councilperson, after the meeting in which the decision was made, remarked to the media that she voted for dismissal because of "a long string of things." Am. Compl. at ¶ 48.  Otherwise, Plaintiff offers only nonspecific and conclusory allegations.  *See id.* at ¶¶ 64-66 ("Following the termination . . ., Mount Pleasant officials intentionally made false statements about [Plaintiff] to third parties concerning his job performance . . . and the reasons why [the c]ouncil voted to terminate his employment.").

---

³ Plaintiff's argument-in-passing that his state whistleblower allegations may supply a procedural due process claim is belied by his own case citations.  *Compare* Pl.'s Opp'n Br. (Doc. 21) at 6 (citing *DeForte*, at various procedural stages) *with* DeForte v. Borough of Worthington, 2017 WL 1102653, *10 (W.D. Pa. Mar. 24, 2017) ("Although the Pennsylvania Whistleblower Law affords covered employees a remedy for wrongful discharge, . . . it does not confer on at-will employees a constitutionally protected property interest in their continued employment.") (citations omitted) *and id.* at 776 Fed. Appx. 781 (3d Cir. Sept. 5, 2019) (neither addressing nor disturbing District Court's whistleblower ruling, despite successful certification of unrelated questions to Pa. Supreme Court).

The purported "string of things" reference is not sufficiently specific to be tested for truth or falsity, let alone for defamatory nature; and neither Plaintiff nor the Court's independent research has identified case law in which a similar comment has been deemed actionable. Otherwise, Plaintiff's generalized allegations are insufficient. Hammond v. Chester Upland Sch. Dist., 2014 WL 4473726, *9 (E.D. Pa. Sept. 9, 2014) (finding similar stigma-plus allegations insufficient under *Iqbal/Twombly*); Turk v. Salisbury Behav. Health, Inc., 2010 WL 1718268, *4 (E.D. Pa. Apr. 27, 2010) (even under liberal pleading requirements, a plaintiff must allege sufficient facts regarding purported defamatory statements to give defendant(s) proper notice) (citation omitted).

For all of these reasons, Defendant's Motion to Dismiss (**Doc. 19**) is **GRANTED** as relates to his federal claims, and the Court will decline to exercise supplemental jurisdiction over his remaining state-law claims. *See* Bright v. Westmoreland Cnty., 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction").

Given that the deficiencies above conceivably may be cured by amendment, however, Plaintiff hereby is granted leave to file a second amended complaint by no later than **September 15, 2020**. Should Plaintiff choose to amend, he must be prepared to make last, best efforts to state viable claims, because additional leave will not be granted. Furthermore, Plaintiff should not mistake the amendment-process for an invitation to relitigate issues already decided. Finally, if amendment is not timely-filed, Plaintiff will be deemed to stand on his current pleadings, and final judgment will be entered (without prejudice to Plaintiff pursuing his remaining claims in state court).

IT IS SO ORDERED.


September 1, 2020                                   s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record